IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALICE F. JACKSON                                                              PLAINTIFF

VS.                                  CIVIL ACTION NO. 5:12cv126-DCB-MTP

JPMORGAN CHASE BANK, N.A., *et al.*                              DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to serve process upon Defendant Nationwide Trustee Services, Inc. (hereafter "Nationwide") and to otherwise comply with the court's order [11] of March 7, 2013.  Having reviewed the entire record in this matter, the undersigned recommends that the claims asserted against Nationwide be dismissed without prejudice.

**Procedural History**

On or about September 6, 2012, *pro se* plaintiff Alice F. Jackson ("Jackson") filed this complaint for injunctive relief against the defendants to stay the imminent foreclosure of her property located in Natchez, Mississippi.  Her complaint was filed in Adams County Chancery Court bearing case number 12-589 and was removed to this Court by defendants on September 11, 2012.  Jackson is not proceeding *in forma pauperis* and, as such, it is her obligation to serve process on the defendants.

The docket reflecting that plaintiff had failed to serve process or to otherwise prosecute this matter as to Nationwide, the undersigned issued an order [11] on March 7, 2013, directing the plaintiff to complete service of process against Nationwide within thirty days or to demonstrate good cause for extending the time for service of process; otherwise, the court would recommend dismissal of this defendant.

Plaintiff did not have process issued or served as required by the order and has not responded to the order or demonstrated any good cause for further delay.

Thus, nearly a year after this case was filed and five months since the court issued its directive to serve Nationwide or face possible dismissal of this defendant, plaintiff has not served process on Nationwide and has not demonstrated good cause to justify further delay. Accordingly, the undersigned recommends that this matter be dismissed without prejudice as to Nationwide.

## Legal Analysis

Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant...." Fed. R. Civ P. 4 (m).[1]  As plaintiff has failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal without prejudice is appropriate under Federal Rule of Civil Procedure 4 (m).

Additionally, pursuant to Federal Rule of Civil Procedure 41(b),[2] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority).

---

[1] The rule also permits the court to extend the time period on a showing of good cause for failure to serve process in a timely manner.  Plaintiff has made no such showing.

[2] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

### Recommendation

As the plaintiff has failed to serve process or to otherwise prosecute this case against Nationwide, it is the recommendation of the undersigned that the claims asserted against Nationwide Trustee Services, Inc. be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m).

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 16th day of August, 2013.

s/ Michael T. Parker
United States Magistrate Judge

3